LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
office@danielmarks.net
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVITA CARPENTER, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CLARK COUNTY SCHOOL DISTRICT, CHRISTOPHER BERNIER, NADINE JONES, and MONICA CORTEZ, | **JURY TRIAL DEMANDED** |
| Defendants. | |

COMES NOW Plaintiff, Davita Carpenter by and through her counsel Adam Levine, Esq. of the Law Office of Daniel Marks and for her causes of action against alleges as follows:

**GENERAL ALLEGATIONS**

1. At all times material hereto Plaintiff Davita Carpenter was a resident of the State of Nevada.

2. At all times material hereto Defendant Clark County School District was a political subdivision of the State of Nevada.

1

3. At all times material hereto Defendants Christopher Bernier ("Bernier"), Nadine Jones ("Jones") and Monica Cortez ("Cortez") were residents of the State of Nevada.

4. The United States District Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action is brought pursuant to 42 U.S.C. §1983 and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.

## COUNT ONE

**(Deprivation Of Rights Without Due Process Of Law In Violation Of 42 U.S.C. §1983)**

5. Plaintiff restates the allegations of paragraphs 1 through 4 and incorporates them herein by reference.

6. At all times material hereto Defendant Cortez was the Principal of Western High School which is part of the Clark County School District.

7. Under Nevada's statutory scheme governing large school districts, Principals in the Clark County School District are co-employers and/or secondary employers of teachers with the District, as it is the Principal who has the authority to determine which teachers will work at their school and what subjects they will teach.

8. At all times material hereto Defendant Bernier was the Chief of Staff for the Clark County School District.

9. At all times material hereto Defendant Jones was the Director of Human Resources for the Clark County School District.

10. At all times material hereto Defendants Bernier, Jones and Cortez were acting under color of state law.

11. Plaintiff was employed as a Teacher and assigned to Western High school.

12. As a post-probationary teacher employed by the Clark County School District, Plaintiff Carpenter had a right to continued employment under the collective bargaining agreement between

Clark County School District and the Clark County Education Association and/or under NRS Chapter 391.

13. Plaintiff's entitlement to continued employment created a property interest in her employment within the meaning of the Fourteenth Amendment's Due Process Clause.

14. On or about August 8, 2019, Plaintiff was granted approved medical leave by Defendants.

15. On or about December 10, 2019, Plaintiff attempted to return to Western High School from her approved leave but was not permitted to do so by Defendant Cortez. Defendants Bernier and/or Jones acting for themselves and/or through their designated agents further refused to place Plaintiff at any other schools within the Clark County School District effectively terminating her employment.

16. Plaintiff did not receive any type of pre-termination/deprivation hearing prior to her employment being terminated.

17. The actions of the Defendants Cortez, Bernier and/or Jones as set forth above deprived Plaintiff of her property interest in her employment without due process of law in violation of 42 U.S.C. §1983.

18. As a direct and proximate result of the Defendant's deprivation of Plaintiff's property interest without due process of law, Plaintiff has suffered and/or incurred loss of income, financial benefits, and emotional distress.

19. The actions of Defendants Cortez, Bernier and/or Jones in violating Plaintiff's Fourteenth Amendment rights were done intentionally, maliciously and/or with reckless indifference to the Plaintiff's constitutional rights and entitles Plaintiff to an award of punitive damages.

20. The deprivation of Plaintiff's property interest was pursuant to an unconstitutional custom, practice and/or policy and/or was ratified by policy makers of the Clark County School District

such that liability on the District may be imposed pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978) and its progeny.

## COUNT TWO

### (Interference with Rights under the Family Medical Leave Act)

21. Plaintiff restates the allegations of paragraphs 1 through 20 and incorporates them herein by reference.

22. Defendants Clark County School District and Cortez are employers covered by the Family Medical Leave Act, 29 U.S.C. §2601 et seq (hereafter "FMLA").

23. Defendants Clark County School District and Cortez constitute a primary and/or secondary employer for purposes of the FMLA.

24. Plaintiff had worked more than 1250 hours in the calendar year prior to going out on leave on or about August 8, 2019.

25. Plaintiff's leave was for a serious medical condition and qualified as FMLA leave.

26. Defendants knew that Plaintiff's leave was FMLA qualifying but did not inform Plaintiff as to when her 12 weeks of leave would be up and when her position would no longer be held.

27. Plaintiff could have secured a doctor's note clearing her to return to work prior to the expiration of 12 weeks.

28. When Plaintiff did attempt to return from leave, Defendants refused to place Plaintiff in her prior position or any other comparable position.

29. The actions of the Defendants as set forth above interfered and/or restrained Plaintiff in the exercise of her rights under the FMLA.

30. As a direct and proximate result of the Defendants interference and/or restraint of Plaintiff in the exercise of her FMLA rights, Plaintiff has suffered and/or incurred loss of income and benefits.

31. The actions of the Defendants as set forth above were undertaken without any reasonable grounds for believing that their conduct was not a violation of the FMLA, and the Defendants are therefore liable for liquidated damages.

WHEREFORE Plaintiff prays for relief as follows:

1. For general damages against Defendants in an amount to be determined at trial for violation of Plaintiff's due process rights;
2. For Punitive damages against Defendant Cortez for her violation of Plaintiff's due process rights;
3. For back pay against Defendants Clark County School District and Cortez for interfering and/or restraining Plaintiff in the exercise of her rights under the FMLA;
4. For liquidated damages equal to the amount of back pay against Defendants Clark County School District and Cortez for interfering and/or restraining Plaintiff in the exercise of her rights under the FMLA;
5. For equitable and/or injunctive relief reinstating Plaintiff to employment as a teacher with the Clark County School District;
6. For prejudgment interest;

///
///
///
///
///
///
///
///

7. For attorney's fees and litigation costs;

8. For such other and further relief as the court deems just and equitable.

DATED the 20th day of March, 2020.

                LAW OFFICE OF DANIEL MARKS

                */s/ Adam Levine, Esq.*      .
                DANIEL MARKS, ESQ.
                Nevada State Bar No. 002003
                office@danielmarks.net
                ADAM LEVINE, ESQ.
                Nevada State Bar No. 004673
                alevine@danielmarks.net
                610 South Ninth Street
                Las Vegas, Nevada 89101
                (702) 386-0536: FAX (702) 386-6812
                *Attorneys for Plaintiff*